# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMIL STEFON CARTER, #432110,

       Petitioner,

v.                                                           Case No.. 3:18-CV-10618

ERICK BALCARCEL,

       Respondent.

_____/

## OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING THE MOTION TO HOLD THE PETITION IN ABEYANCE, AND DENYING A CERTIFICATE OF APPEALABILITY

### I. INTRODUCTION

Michigan prisoner Jamil Stefon Carter has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal proceedings, as well as a motion to hold the petition in abeyance. Petitioner pleaded guilty to second-degree murder and possession of a firearm during the commission of a felony, second offense, in the Wayne County Circuit and was sentenced to consecutive terms of 19 to 60 years imprisonment and five years imprisonment on those convictions in 2015. In his petition, he raises claims concerning his actual innocence, the conduct of the prosecutor, and the effectiveness of trial and appellate counsel. For the reasons set forth herein, the court dismisses without prejudice the petition for a writ of habeas corpus and denies the motion to hold the petition in abeyance. The court also denies a certificate of appealability.

## II. DISCUSSION

Promptly after the filing of a habeas petition, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts for review. The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be raised in the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be

presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner admits that he has not exhausted all of his habeas claims in the state courts and that he has currently has a motion for relief from judgment pending the Wayne County Circuit Court concerning his habeas claims. Petitioner must complete the state court process before seeking habeas relief in federal court. *Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he can present them in federal court. Otherwise, the court cannot apply the standard found at 28 U.S.C. § 2254.

Additionally, Petitioner's pending state court proceeding may result in the reversal of his convictions on another ground, thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); *Szymanski v. Martin*, 99-

CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000). A non-prejudicial dismissal of the petition is warranted under such circumstances.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277-78. In *Rhines*, the Supreme Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id*. at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Thus, stay and abeyance is generally reserved for cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See, e.g., Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

Petitioner seeks to hold his petition in abeyance and stay the proceedings while he completes the state court process. His circumstances, however, do not justify a stay

4

and abeyance. The one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a concern. The Michigan Supreme Court denied leave to appeal on direct appeal on April 1, 2017. *People v. Carter*, 500 Mich. 960891 N.W.2d 491 (April 1, 2017). The United States Supreme Court subsequently denied certiorari on October 2, 2017. *Carter v. Michigan*, _ U.S. _, 138 S. Ct. 252 (Oct. 2, 2017). That is when Petitioner's convictions became final. He then had one year, until October 2, 2018, to file his federal habeas petition or seek additional state court review. *See* 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for relief from judgment with the state trial court on December 11, 2017. *See* Register of Actions, *People v. Carter*, No. 15-004311-01-FC (Wayne Co. Cir. Ct.). At that point, just over two months of the one-year period had run. The matter has been pending in the state courts since that time and is still before the trial court. The limitations period has been, and will continue to be, tolled during the time in which Petitioner's motion for relief from judgment and related appeals are properly filed and pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002). Given that more than nine months of the one-year period remain, Petitioner has sufficient time to fully exhaust his state court remedies and return to federal court on a new habeas petition should he wish to do so.

Moreover, while there is no evidence of intentional delay, the court cannot determine the potential merit of Petitioner's claims. Additionally, while Petitioner asserts that appellate counsel was ineffective for failing to raise certain claims on direct appeal, he neither alleges nor establishes good cause for failing to exhaust all of his issues on collateral review in the state courts before seeking federal habeas relief. Given such

5

circumstances, a stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

## II. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal the court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the court's procedural ruling. Accordingly, the court will deny a certificate of appealability.

## IV. CONCLUSION

For the reasons stated, the court concludes that Petitioner has a matter pending in the state courts concerning the convictions and sentences at issue in this case and that a stay is unwarranted. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED and the motion to hold the habeas petition in abeyance (Dkt. # 3) is DENIED. Should Petitioner wish to seek federal habeas relief after the conclusion of his state collateral review proceedings, he must file a new habeas petition within the time remaining on the

one-year limitations period.  The court makes no determination as to the merits of Petitioner's claims.

      IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

                                           S/Robert H. Cleland
                                           ROBERT H. CLELAND
                                           UNITED STATES DISTRICT JUDGE

Dated:  April 2, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 2, 2018, by electronic and/or ordinary mail.

                                           S/Lisa Wagner
                                           Case Manager and Deputy Clerk
                                           (810) 292-6525